PER CURIAM:
Claimants brought this action for vehicle damage which occurred when claimant, Judith Sikula, was driving their 2004 Nissan Murano, and their vehicle struck a metal post attached to a hole cover. The incident occurred on Old MacCorkle Avenue in Charleston, Kanawha County. Old MacCorkle Avenue is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 3:00 p .m. and 4:00 p .m. on January 4,2008. The bridge on Old MacCorkle Avenue is a paved, four-lane bridge with two lanes traveling in each direction. Since there was snow on the road and construction in the area, Ms. Sikula was proceeding cautiously at a speed of approximately fifteen or twenty miles per hour. As she was driving on the bridge on Old MacCorkle Avenue, her vehicle struck a metal post that was attached to a square metal base. The object was obstructing the middle of the roadway. She later discovered that the object was a hole cover, and that the post, which was supposed to hold the metal plate in place, had come out of the hole. The hole cover had flipped over, and the post was sticking upward instead of downward inside the hole. Ms. Sikula did not see the object until her vehicle was approximately three feet away from it. She explained that she could not have maneuvered her vehicle to avoid the object. If she would have veered her vehicle to the left, she would have driven on the median. If she moved her vehicle to the right, she would have driven on the sidewalk. Ms. Sikula testified that she frequently drives on Old MacCorkle Avenue, and she had never encountered the object on a prior occasion. As a result of this incident, claimants’ vehicle sustained damage to its fender, *216 bumper, spoiler, and radiator in the amount of $3,372.42. Claimants’ insurance deductible at the time of the incident was $1,000.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Old MacCorlde Avenue. Robert Steven Campbell, District One Bridge Engineer for respondent, testified that he is familiar with the area where this incident occurred. He stated that it is a low priority road in terms of its maintenance. Mr. Campbell testified that the hole cover was placed on the road temporarily until respondent could patch the hole. The post was intended to prevent the metal cover from coming out of the hole, and the post was supposed to fit inside the hole. Mr. Campbell stated that respondent did not have notice of the object prior to this incident, and he was unaware of the amount of time that the hole cover had been flipped over.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole cover’s post which claimants’ vehicle struck. The Court has determined that the metal post, which was improperly protruding into the road surface instead of downward inside the hole, presented a hazard to the traveling public. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $1,000.00.
Award of $1,000.00.